UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JARAI R. ANDRUS                                  CIVIL ACTION NO. 6:15-CV-02569

VERSUS                                                   JUDGE DOHERTY

CITY OF CROWLEY, ET AL.                     MAGISTRATE JUDGE HANNA

### RULE 7(a) HEIGHTENED PLEADING REVIEW

In this § 1983 civil rights lawsuit, the plaintiff sued the City of Crowley, Crowley mayor Greg Jones; Crowley Police Chief K.P. Gibson, and Crowley Police Officers David Melancon, Chris Roberts, and Dwayne Shexnider. The mayor, the chief, and the police officers were sued in their individual and official capacities. An answer was filed on behalf of the defendants. In the answer, the defendants pleaded qualified immunity. The undersigned has therefore conducted an evaluation of the plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.[1]

After review, the undersigned concludes that the plaintiff has supported his claims against the mayor, the chief, and the officers "with sufficient precision and

---

[1] *See Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts."[2]

In the complaint, the plaintiff alleged that, on November 4, 2014, he was driving a vehicle in Crowley, Louisiana. He allegedly had five passengers, including a four-year-old child in the vehicle with him. Officer Schexnider allegedly decided to pull the plaintiff over because his license plate light was not illuminated. But the plaintiff claims that he did not understand that Officer Schexnider was trying to stop his vehicle, so he proceeded for approximately three blocks, with Officer Schexnider in pursuit. Officer Melancon, who was making an unrelated traffic stop, allegedly observed the pursuit and parked his vehicle at the intersection of Sevenths Street and Spann Avenue so as to partially block the plaintiff's path. The plaintiff alleged that videotape of the incident shows Officer Melancon firing into the plaintiff's vehicle as it approached the intersection. Bullets struck the plaintiff in the arm and in the head. Briefly unconscious, the plaintiff allegedly drove his vehicle into a ditch. The plaintiff alleged that Officer Melancon then removed the plaintiff from the vehicle and handcuffed him before he was removed from scene by ambulance. Chief Gibson arrived on the scene and allegedly attempted to alter the outcome of the Louisiana State Police's investigation into the officer-involved shooting. The plaintiff further

---

[2] *Schultea v. Wood*, 47 F.3d at 1434.

alleged that a timing inconsistency regarding Officer Melancon's body camera evidences an attempt to destroy evidence. The plaintiff also alleged that Officer Roberts turned off the video recording equipment in another officer's vehicle in an attempt to destroy or tamper with the evidence at the scene.

The plaintiff alleged that the defendants violated his rights under Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable search and seizure, racial discrimination, and excessive force. More specifically, the plaintiff also alleged in his complaint that the chief and the mayor implemented an unconstitutional policy that led to the plaintiff's constitutional injury by precluding the Crowley City Council from hiring, firing, and disciplining police officers and by acting with deliberate indifference in hiring and firing officers on the police force. The plaintiff further alleged that the chief was aware of Officer Melancon's aggressive behavior and propensity for the improper use of force and is liable for failing to properly hire, train, and supervise him. Further, the plaintiff alleged that the chief instituted a policy of targeting young black males in West Crowley due to unrelated shootings.

Although the court may later determine the facts in favor of the defendants, the sole issue presented here is whether the plaintiffs have satisfied the heightened pleading requirement of *Shultea v. Wood*. The undersigned concludes that they have.

Accordingly, the undersigned concludes that there is no need for an order banning or limiting discovery with regard to the plaintiff's claims against the defendants.

Signed at Lafayette, Louisiana on this 5th day of January 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE