UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JARAI R. ANDRUS | CIVIL ACTION NO. 6:15-cv-02569 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| CITY OF CROWLEY, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the plaintiff's motion to substitute party plaintiff. (Rec. Doc. 18). The motion is opposed. (Rec. Doc. 21). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, and in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court, this Court recommends that the motion be DENIED and that the plaintiff's claims be DISMISSED.

## Background

In October 2015, Jarai R. Andrus filed this lawsuit against the City of Crowley, Crowley mayor Greg Jones, Crowley police chief K.P. Gibson, and three officers with Crowley's police department, David Melancon, Chris Roberts, and Dwayne Schexnider. Andrus alleged that, while driving in Crowley in November 2014, Officer Schexnider attempted to stop him for a burned-out license plate light. Mr. Andrus allegedly did not realize that Officer Schexnider was attempting to stop him, however, and kept driving. Officer Melancon then attempted to use his vehicle to

stop Mr. Andrus's vehicle, and he shot into Mr. Andrus's vehicle, striking Mr. Andrus in the head and arm and cause non-life-threatening injuries. Mr. Andrus asserted claims under 42 U.S.C. § 1983, contending that the defendants violated his Constitutional rights, that the mayor and police chief instituted policies that resulted in violation of his constitutional rights, and that the police officers involved in this incident were improperly hired, trained, and supervised. He also asserted state law claims for negligence, excessive force, assault, and battery. The matter was scheduled to be tried in May 2017.

In January 2017, however, the defendants filed an unopposed motion to continue the trial date, stating that Mr. Andrus was deceased and no one had yet qualified as his succession representative. (Rec. Doc. 11 at 1). The motion to continue was granted in February 2017, and the district court judge ordered counsel to "provide this court with a joint status report within 6 months and every 6 months thereafter, to advise whether the matter can be reset for trial or dismissed for failure to prosecute." (Rec. Doc. 12). No status report was filed thereafter. Indeed, no action was taken by any party to the suit on the record for more than a year.

In February 2018, this Court ordered counsel to arrange a telephone status conference to determine whether the case should be dismissed for failure to prosecute and noted that counsel had failed to comply with the earlier order. (Rec. Doc. 14).

After conferring with counsel, this Court issued an order allowing the parties to brief any objections they might have to the applicability of Rule 25 and dismissal of this lawsuit.

In response, Clay LeJeune, the attorney who had formerly represented Mr. Andrus, filed an objection to the application of Rule 25 and an incorporated motion to substitute Shayna Kibodeaux, the mother of Mr. Andrus's alleged child, as the plaintiff in this lawsuit. (Rec. Doc. 18). The defendants responded, arguing that the motion should be denied and the case should be dismissed.

## Analysis

### A. Mr. LeJeune's Capacity

Although Mr. LeJeune styled his objection and motion as having been brought on behalf of Mr. Andrus, this court notes that, under Louisiana law, "death of the client itself terminates the client-attorney relationship by operation of law."[1] Accordingly, Mr. LeJeune is no longer acting in his former capacity as legal counsel and attorney for Mr. Andrus. Furthermore, Mr. Andrus, who is deceased, is no longer a party to this suit. If Mr. LeJeune represents Ms. Kibodeaux, then he needs to make that clear on the record.

---

[1] *Succession of Wallace*, 574 So.2d 348, 359 (La. 1991).

B.  **Heritability of Mr. Andrus's Claim**

The parties did not address whether Mr. Andrus's claim is heritable under Louisiana law or under any other body of law that might be applicable to his claim. Assuming that the court would be required to apply Louisiana law to determine whether the claim is heritable, without making a decision in that regard, this Court notes that, under Louisiana law, a personal injury claim asserted by a plaintiff who dies during the litigation of the claim is heritable by those in the hierarchy of beneficiaries listed in Louisiana Civil Code Article 2315.1.[2]

C.  **The Timing of the Motion to Substitute**

Rule 25(a) of the Federal Rules of Civil Procedure reads as follows, in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

This rule has been interpreted by the Fifth Circuit Court of Appeals as requiring service to be made on the personal representatives of a deceased plaintiff's estate,

---

[2] Louisiana Code of Civil Procedure Articles 426 and 428. See, also, *Nathan v. Touro Infirmary*, 512 So.2d 352, 354 (La. 1987) (noting that a victim's action to recover tort damages is not strictly personal and is heritable).

pursuant to Fed. R. Civ. P. 4, in order to start the ninety-day clock running.[3] The purpose of requiring personal service of the suggestion of death on the nonparty is to signal the need for action by the nonparty to preserve the claim if so desired.[4] To date, the record contains no evidence that any party has served a suggestion of Mr. Andrus's death on any nonparty to the lawsuit. Therefore, the ninety-day time limit established in Rule 25(a) has not yet begun to run. Accordingly, the motion to substitute will not be denied on the basis of its timing.

**D.    The Appropriate Person to be Substituted for Mr. Andrus**

This Court assumes without deciding that Louisiana law applies to the issue of the identification of the proper party to be substituted for the deceased original plaintiff. Under Louisiana Code of Civil Procedure Article 801, "[w]hen a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality." The code article defines "legal successor" as including "[t]he survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor." Article 2315.1 sets forth a hierarchy of persons

---

[3] *Sampson v. ASC Industries*, 780 F.3d 679, 683 (5th Cir. 2015) ("We hold, consistent with the other appellate courts that have spoken on this issue, that a Rule 25 notice of death must be personally served on a deceased-plaintiff's estate, in accordance with Rule 4, before the ninety-day clock can begin to run on the deceased-plaintiff's action.")

[4] *Sampson v. ASC Industries*, 780 F.3d at 681.

entitled to substitute for the original plaintiff, with the first tier being comprised of the spouse or child of the decedent. The instant motion suggests that Mr. Andrus was survived by a child. If so, that child – or a person authorized to act on behalf of the child – would be the proper substitute plaintiff. However, "[j]urisprudence interpreting Article 801 requires that a motion to substitute for a deceased party include proof of quality, such as an affidavit of death and heirship or a judgment of possession."[5] In other words, the person designated for substitution must be appropriately qualified under state law based on appropriate documentation.[6] In Louisiana, determining the proper party plaintiff "should be based upon the proof required under LSA-C.C.P. art. 801."[7]

Here, the motion to substitute is not supported with evidence establishing that A.K., alleged to be the minor child of Mr. Andrus, is actually his child. All that was submitted was a petition for Shayna Kibodeaux to be appointed as the tutrix of the child and to be appointed as the representative of Mr. Andrus's estate along with an

---

[5] *Kemper v. Don Coleman, Jr., Builder, Inc.*, 31,576 (La. App. 2 Cir. 07/29/99), 746 So. 2d 11, 15, *writ denied*, 1999-C-2954 & 1999-C-2954 (La. 01/07/00), 752 So.2d 861. See, also, *Coleman v. Anco Insulations, Inc.*, No. 15-821-BAJ-EWD, 2017 WL 1496932, at *2 (M.D. La. Apr. 21, 2017).

[6] See, *Wilson v. Novartis Pharmaceuticals Corp.*, No. 4:12-CV-684-A, 2013 WL 593895, at *8, n. 4 (N.D. Tex. Feb. 15, 2013).

[7] *Carr v. Hibernia Nat. Bank*, 95-1342 (La. App. 1 Cir. 09/25/98), 720 So.2d 81, 82.

unsigned order. All this indicates is that Ms. Kibodeaux claims to be the child's mother, alleged that Mr. Andrus was the child's father, and requested that a Louisiana court appoint her as the child's tutrix and the representative of Mr. Andrus's estate. Absent a signed order from a Louisiana court, these papers are meaningless.

Therefore, despite Mr. LeJeune's having been placed on notice that this Court was inclined to dismiss this action for failure to prosecute, Mr. LeJeune failed to present documentation to this Court supporting his contention that Ms. Kibodeaux should be substituted for Mr. Andrus as the plaintiff in this lawsuit and he also failed to serve Ms. Kibodeaux with the suggestion of death as required by Rule 25.

While this Court is sympathetic to the fact that it is sometimes difficult to locate and serve the proper substitute plaintiff, the record shows no effort by the parties for a period of time exceeding a year, and no effort until this Court threatened to dismiss the lawsuit. More troubling, the parties failed to comply with the court's order requiring status reports. Even after this Court spoke with counsel and discussed the applicability of Rule 25, only a half-hearted effort to identify and substitute a new plaintiff was undertaken. The status of this case has been unclear for over year, and whether the decedent's legal successors desire to continue to prosecute this action is not apparent on the face of the record.

## E.     Dismissal Sua Sponte

A district court has the authority under Rule 41(b) of the Federal Rules of Civil Procedure and under the court's inherent authority to dismiss a matter *sua sponte*.[8] The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the court's calendar.

In this case, the parties disregard the court's order to submit status reports, the parties did not comply with the notice and service requirements of Rule 25, and Mr. LeJeune failed to support his motion for substitution of a new plaintiff with documentation necessary to establish that she actually is a proper substitute plaintiff. Accordingly,

IT IS RECOMMENDED that the motion to substitute (Rec. Doc. 18) be DENIED; and

IT IS FURTHER RECOMMENDED that the plaintiff's claims be DISMISSED for failure to comply with the court's orders and for failure to prosecute.

---

[8]     See *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 17th day of April 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE